Anibal Silva
P.O. Box 20732
El Cajon, CA 92021


FILED
08 MAY 27 PM 2: 13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL MESALA SILVA, <br>     Petitioner <br><br> v. <br><br> JUDGE JAMES MEYERS <br>     Respondent. | Case No. '08 CV 0932 H JMA <br><br> PETITION FOR WRIT OF MANDAMUS TO COMPEL RECUSAL OF BANKRUPTCY JUDGE JAMES MEYERS PURSUANT TO 28 U.S.C. 455; AND FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. 2201 |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGES:

COMES NOW, Anibal Mesala Silva, the Petitioner in this case and the Debtor in the Bankruptcy court number, 07-03740, and files this petition for a writ of mandamus to compel the recusal of the Bankruptcy Judge Honorable James Meyers pursuant to 28 U.S.C. 455 for the appearance of partiality in violation of public confidence and bias against Debtor in violation of Debtor's Constitutional rights to a fair, impartial, and unbiased trial; and for declaratory relief pursuant to 28 U.S.C. 2201 declaring that Judge Meyers' actions raised to the level of appearance of partiality and therefore is disqualified from presiding over Debtor's case; and in support, Petitioner shows the following:

### JURISDICTION

1. This court has jurisdiction over this matter under 28 U.S.C. Section 1331, 28 U.S.C. Section 1361, 28 U.S.C. Section 2201, and 28 U.S.C. Section 158.

2. Venue is proper in this district pursuant to 28 U.S.C. Section 1409 because the

underlying bankruptcy case is being administered in this district.

## INTRODUCTION

3. This is a petition for declaratory relief for determining that the actions of Judge James Meyers in the Petitioner's bankruptcy case violate the public confidence in the integrity of the judicial process, thus disqualifying him from presiding over the Debtor's case; and for a writ of mandamus directing Judge Meyers to recuse himself from presiding over the Petitioner's Bankruptcy case.

## PARTIES

4. Petitioner is a citizen who filed for chapter 13 Bankruptcy protection on July 16, 2007, in the San Diego Bankruptcy court, and later converted the case to chapter 7 on November 6, 2007.

5. Judge James Meyers is the presiding judge of the Petitioner's bankruptcy case after it was converted to chapter 7 on November 6, 2007.

## STATEMENT OF FACTS

6. On July 16, 2007, Debtor filed his chapter 13 Bankruptcy petition with the San Diego Bankruptcy court.

7. On July 19, 2007, just three days after Debtor filing his Bankruptcy petition, the chapter 13 Trustee, David Skelton, filed a motion to dismiss Petitioner's case with 180 day bar to refiling.

8. On August 20, 2007, Petitioner filed a response opposing the motion of the chapter 13 Trustee to dismiss the Petitioner's bankruptcy case and a hearing was set for September 25, 2007.

9. On September 25, 2007, the bankruptcy court heard the motion of the chapter 13

Trustee to dismiss the Debtor's case and the opposition of Debtor and the court granted the motion of the chapter 13 Trustee in the grounds that Debtor had not provided to the chapter 13 Trustee copies of his 2004, 2005, and 2006 income tax returns.

10.     On October 2, 2007, after doing a legal research, Petitioner discovered that the bankruptcy court had erred in granting the chapter 13 Trustee's motion to dismiss the Petitioner's bankruptcy case in the grounds that he had not provided copies of the income tax returns that had not been filed yet, and filed a motion for reconsideration of the dismissal of the Petitioner's bankruptcy case without prejudice and a hearing was set for October 30, 2007.

11.     On October 30, 2007, the bankruptcy court heard and granted the motion for reconsideration of the dismissal of Petitioner's bankruptcy case as long as the following conditions were met: (a) to file a withdrawal of motions to withdraw reference in both Chapter 7 and chapter 13 cases by 10/31/07; (b) to make a current payment of the case by 10/31/07 via overnight mail; c) provide proof of payment to the chapter 13 Trustee by 10/31/07 at 3:00 pm; (c) to provide copies of paystubs to chapter 13 Trustee by 10/31/07 by 3:00 pm; (d) to prepare and file tax returns and provide a copy to the chapter 13 Trustee by 11/6/07; and (e) to withdraw the motion to reconsider the dismissal of Petitioner's previous chapter 7 case by 10/31/07.

12.     On November 6, 2007, Petitioner filed with the bankruptcy court the notice of compliance with the conditions set up in the minute and amended minute orders for setting aside the order dismissing the Petitioner's chapter 13 case.

13.     On the same day, November 6, 2007, Petitioner filed with the bankruptcy court a notice of conversion of his chapter 13 case to chapter 7.

14.     On November 7, 2007 the bankruptcy court setup the Section 341 meeting of creditors for December 10, 2007, and appointed Gregory A. Akers as the chapter 7 Trustee.

15. On December 7, 2007, without Petitioner's knowledge, the U.S. Trustee's attorney, Haeji Hong, terminated the services of Mr. Akers as Trustee, cancelled the 341 meeting of creditors set for 12/10/07, appointed Gerald Davis as the successor Trustee to Mr. Akers, and set up a new 341 meeting of creditors for 2/8/2008.

16. On December 10, 2007, Petitioner, unaware of the U.S. Trustee's attorney's actions, appeared at the scheduled 341 meeting of creditors and found out from the chapter 7 Trustee, Gregory Akers, that the U.S. Trustee's attorney had terminated his services, had cancelled the 341 meeting of creditors, and informed Petitioner that he would be receiving a new notice.

17. On January 9, 2008, without Petitioner's knowledge, Gerald Davis rejected the appointment as chapter 7 Trustee for conflict of interest.

18. On January 10, 2008, without Petitioner's knowledge, the U.S. Trustee's attorney, Haeji Hong, appointed James Kennedy as successor chapter 7 Trustee and set up a new 341 meeting of creditors for 2/11/2008.

19. On January 15, 2008, the U.S. Trustee filed a motion to extend time to file a motion pursuant to 11 U.S.C. Section 707(b)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727 and a hearing was set for 2/22/2008.

20. On January 16, 2008, the U.S. Trustee filed an amended notice of the hearing on motion to extend time.

21. On January 16, 2008, after learning that Gerald Davis had been appointed as chapter 7 Trustee, Petitioner filed a motion for an order to disqualify the chapter 7 Trustee, the U.S. Trustee, and to void the reset 341 meeting of creditors set 1/16/08, and a hearing was set for 2/28/08.

22. On January 23, 2008, Petitioner filed a motion to void the 341 meeting of creditors and any other subsequent 341 meeting of creditors and a hearing was set for 2/28/08.

23. On January 24, Petitioner filed in the bankruptcy court his second amended complaint against defendants judge Louise Adler, judge Leif M. Clark, Gerald Davis, Haeji Hong, judge Lee Yeakel, the U.S. Department of Justice, and the U.S. Department of Housing and Urban Development, among others.

24. On January 29, 2008, the U.S. Trustee filed an opposition to Debtor's motion for an order to disqualify the chapter 7 Trustee and U.S. Trustee; and for an order to void the 341 meeting of creditors set for 1/16/08 and any other subsequent 341 meeting of creditors.

25. On February 4, 2008, Petitioner filed an opposition to the U.S. Trustee's motion for extension of time to file a motion and object to discharge and request for judicial notice.

26. On February 11, 2008, Petitioner filed with the bankruptcy court a notice of appearance to the invalid Section 341 meeting of creditors pending Debtor's motion to void 341 meeting of creditors.

27. On February 12, 2008, the chapter 7 Trustee filed a notice of continuance of meeting of creditors to 3/10/08.

28. On February 19, 2008, the bankruptcy court issued a notice to parties of taking off matter off calendar, (motion to void the Section 341 meeting of creditors).

29. On February 19, 2008, the U.S. Trustee filed a reply to Debtor's combined opposition to U.S. Trustee's motion to extend time to object to Debtor's discharge.

30. On February 22, 2008, the bankruptcy court heard the U.S. Trustee's motion to extend time and issued a Minute Order extending the time to object to Petitioner's discharge to May 9, 2008.

31. On February 27, 2008, Petitioner filed an amended motion to void the 341 meeting of creditors and to stay 341 meeting of creditors proceedings and a hearing was set for 3/27/08.

32. On February 28, 2008, Petitioner filed a motion for reconsideration of the interlocutory and minute orders granting the U.S. Trustee's motion to extend time to object to discharge and a hearing was set for 3/27/08.

33. On March 5, 2008, the bankruptcy court approved and signed the Order granting the U.S. Trustee's motion extending time to object to discharge to May 9, 2008.

34. On March 10, 2008, Petitioner filed a notice of appearance to the invalid Section 341 meeting of creditors pending the motion to void 341 meeting of creditors.

35. On March 11, 2008, the chapter 7 Trustee filed a notice of continuance of meeting of creditors to 4/7/08.

36. On March 17, 2008, the U.S. Trustee filed an opposition to Debtor's motion for an order to void the 341 meeting of creditors; and motion to stay meeting of creditors proceedings.

37. On March 27, 2008, the bankruptcy court heard and denied the Petitioner's motions to set aside the October 30, 2007 Amended minute order denying the Petitioner's motions for sanctions against Joseph Gaeta for violation of the automatic stay and denying the motion for protective order; the motion for reconsideration of the minute order granting the U.S. Trustee's motion for an extension of time to object to Petitioner's discharge; and the motion to void the Section 341 meeting of creditors and to stay the Section 341 meeting of creditors proceedings; and the court stated that it would be issuing a written order regarding the matter heard on that day.

38. On April 7, 2008, ten days after the bankruptcy court ruled that the Section 341 meeting of creditors was not void, Petitioner appeared at the Section 341 meeting of creditors and submitted for examination.

39. On the same day, April 7, 2008, the chapter 7 Trustee filed with the court his initial report and notice of the First Meeting of Creditors held and that the meeting of creditors had been concluded.

40. On April 15, 2008, Judge Meyers issued an order denying Petitioner's motions docketed as numbers 164, 165, 171, and 172, and requiring Petitioner to show cause by April 25, 2008, why his chapter 7 case should not be dismissed.

41. On April 25, 2008, Petitioner filed with the bankruptcy court his combined response to show cause why his chapter 7 case should not be dismissed; and a motion to set aside that same order (order to show cause) and a hearing was set for May 29, 2008.

42. On the same day, April 25, 2008, Petitioner filed also a motion to disqualify Judge Meyers for the appearance of partiality pursuant to 28 U.S.C. 455.

43. On May 19, 2008, Judge Meyers issued a memorandum decision denying Petitioner's motions to disqualify judge James Meyers and to reconsider the order to show cause; and an order (1) denying motion to disqualify Judge James Meyers (2) denying motion to set aside order to show cause, as well.

44. On May 27, 2008, Petitioner filed with the bankruptcy court his objection to judge Meyers' memorandum decision denying Debtor's motion to disqualify judge Meyers and to reconsider order to show cause.

## GENERAL ALLEGATIONS

45.     When the U.S. Congress amended section 455(a), it made clear that judges should apply an objective standard in determining whether to recuse. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case. The statute requires recusal in any case "in which the judge's impartiality might reasonable be questioned."

46.     A hypothetical reasonable observer is not a judge, because judges, keenly aware of the obligation to decide matters impartially, "may regard asserted conflicts to be more innocuous than an outsider would.

47.     The Supreme Court has held that a violation of section 455(a) takes place even if the judge is unaware of the circumstance that created the appearance of impropriety. See *In Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), noting that the purpose of section 455(a) is to promote public confidence in the integrity of the judicial process and such confidence " does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonable believe that he or she knew.

48.     An Eighth Circuit case, *United States v. Tucker*, 78 F.3d 1313, 1324-25 (8th cir. 1996) is noteworthy for the court's ruling on the standard for recusal. The office of independent counsel sought recusal of the district judge because of reported connections among judge Woods, the Clintons, and defendant Tucker, connections it chronicled with various newspaper articles. Although none of the articles directly connected the judge to the defendant, the Eighth Circuit ordered remand of the case to a different judge, noting the judge's connection to President and Mrs. Clinton. In the court's view, reassignment was necessary because of the risk of a perception of judicial bias or partiality.

49.     Petitioner asserts that judge Meyers should be disqualified from presiding over Petitioner's case for the appearance of partiality and bias in that he has a close personal and/or professional relationship to judge Louise Adler, who is a judge in the same bankruptcy court where judge Meyers works, U.S. Trustee's attorney, Haeji Hong, who practices law on behalf of the U.S. Trustee in judge Meyers' courtroom, and chapter 7 Trustee Gerald Davis, who also practices law in judge Meyer's courtroom, all of whom are defendants in the adversary proceeding 07-90588, where Petitioner is the Plaintiff; for appearance of partiality and bias in that he has had ex parte contacts with judge Louise Adler, Haeji Hong, and Gerald Davis; and for appearance of partiality and bias in that he has taken personal offense to the Petitioner filing the motion to disqualify him by proceeding to take off the calendar the hearing on the motions to set aside the order to show cause why the Petitioner's case should not be dismissed and the motion to disqualify Judge Meyers without even giving Petitioner an opportunity to be heard and present evidence.

50.     The actions of defendants judge Louise Adler, U.S. Trustee's attorney, Haeji Hong, and chapter 7 Trustee Gerald Davis, among others, that led to the Petitioner's filing of the adversary proceeding 07-90588 for civil rights violation and damages; for libel, slander and negligence damages; conspiracy to interfere with civil rights, neglect and fraud; for declaratory and further relief; and for injunctive and equitable relief, arose in the Petitioner's previous Chapter 7 case (07-00324).

51.     In the order to show cause why the Debtor's case should not be dismissed that judge Meyers issued on April 15, 2008, which gave Petitioner less than ten (10) days notice to respond or have his case dismissed without a hearing, judge Meyers admits that he issued the order after reviewing the Petitioner's prior chapter 7 case, and falsely accused Petitioner that he

had not complied with Section 521 and Fed. R. Bankr. P. 4002 to fulfill his duties as a Debtor.

52. In the same order to show cause, judge Meyers stated that he had issued the order for the failure of Petitioner to comply with the Court's Amended Minute Order Dated October 30, 2007 requiring the Debtor to prepare and file tax returns by November 6, 2007, and for failure to cooperate with the Trustee as required by Section 521, notwithstanding the fact that those issues had already been decided by the court, that nobody had objected to the order, that the conditions set by Court's Amended Minute Order Date October 30, 2007 had already been satisfied by the Petitioner, that Petitioner had notified the Court of his compliance with the conditions, that no party in interest had objected to the Petitioner's compliance with the Order, and notwithstanding the fact that the Court could not revisit those issues already decided without having a dispute or controversy in front of the court, and notwithstanding the fact that the issuing of the order to show cause without any legal basis would have violated the Petitioner's due process rights and Rule 2002 of FRBP and 11 U.S.C. 707.

53. In his motion to disqualify Judge Meyers filed by Petitioner on April 25, 2008, Petitioner had asserted that based on judge Meyers' own statements, he was disqualified for presiding over Debtor's case for the appearance of partiality and bias for the simple fact that he had issued the meritless order to show cause why Debtor's case should not be dismissed right after reviewing the Debtor's prior chapter 7 case (07-00324), where the acts of defendants Louise Adler, Haeji Hong, Gerald Davis, and Patrick Hargadon, among others, had led to the Debtor filing the adversary proceeding 07-90588 against them for violation of Debtor's civil rights, and to the motion for sanctions against the U.S. Department of Justice's attorney, Joseph Gaeta, and the Federal District judge, Lee Yeakel, for violation of the automatic stay of 11 U.S.C. 362(a).

54. Instead of giving Petitioner the opportunity to be heard and present evidence in the hearing of May 29, 2008, for the motions to set aside the order to show cause why the Petitioner's case should not be dismissed and to disqualify judge Meyers, Judge Meyers, on May 19, 2008, issued a memorandum decision denying Debtor's motions to disqualify judge Meyers and to reconsider order to show cause; and issued an order denying the motion to disqualify judge James Meyers and denying the motion to set aside order to show cause, and took the hearing on the motions off the calendar.

55. In his memorandum decision, judge Meyers falsely and incorrectly stated as follows: "... Rather than fulfill his responsibilities as set forth in Section 521 and Fed. R. Bankr. P. 4002, the Debtor filed a series of Notices of appearance to invalid Section 341 Meeting of Creditors, which stated he would appear, but not submit to examination. By refusing to submit to examination, the Debtor was preventing the entry of the discharge he requested, and creating the basis to extend the time for interested parties to file objections to discharge. In reviewing the Debtor's request to reconsider judge Hargrove's ruling as reflected in the Amended Minute Order, the court became aware of the precondition for not dismissing this case. The condition imposed by Judge Hargove was a requirement that the Debtor file his tax returns by November 6, 2007."

56. He went on to state: "The court issued an order after the March 27, 2008 hearing, which included a requirement that the Debtor file a written explanation concerning the status of his tax returns. In addition, the order indicated the case could be dismissed for failure to cooperate with the Trustee as required under Section 521, which includes the duty to surrender books and records and provide copies of tax returns."

57. And he continued: "... Given the conditions imposed in judge Hargrove's

11

Amended Minute Order, and the Debtor's written statement of his intent to refuse to be examined by the Trustee until his claims in Adversary No. 07-90588 were decided, it was both necessary and appropriate to enter the Order to Show Cause. Furthermore, the Debtor misconstrues the Order to Show Cause. It does not indicate this case will be automatically dismissed without further hearing. The Order to Show Cause is merely the first step this Court takes in considering whether it would be appropriate to issue a notice of intent to dismiss the case."

58. And he finished by stating: "The only basis for disqualification provided by the Debtor is the issuance of the Order to Show Cause and the Debtor's musings about the possible reasons this Court would issue such an order. The Debtor has not asserted any facts to support his allegations of bias or prejudice. As discussed above, this Court issued the Order to Show Cause to determine whether the Debtor has complied with the October 30, Amended Minute Order issued by judge Hargrove before his retirement, and to ensure that the Debtor understood he must fulfill the statutory duties of a debtor or face the possibility that this case could be dismissed."

59. Judge Meyers' finding of facts was false and incorrect.

60. Judge Meyers' memorandum of decision presented different facts from the order to show cause. In the memorandum of decision judge Meyers talked about for the first time about the issue of the Section 341 meeting of creditors as the reason for issuing the order to show cause and negated the fact that in the order to show cause, he had admitted that after reviewing the Debtor's prior chapter 7 case, he had concluded that Debtor had not complied with the order of October 30, 2007, and he negated the fact that there had not been any dispute or controversy in front of him in the hearing of March 27, 2008 that related to the issues contained in the order

to show cause or with the compliance with the amended order of October 30, 2007.

61. The issue of the conditions and requirements of judge Hargrove's October 30, 2007 amended minute order was completely separate and one hundred percent (100%) different from the issue and dispute involving the Section 341 meeting of creditors that judge Meyers had stated in the memorandum decision as the reason for issuing the order to show cause, and he issued the order to show cause notwithstanding the fact that those two issues had already been presented to him for adjudication, that he had made rulings on both issues already, and that no a single person in interest had objected to the those rulings.

62. The issue of the Section 341 meeting of creditors and its accompanying examination had arisen from the MISCONDUCT of the U.S. Trustee's attorney, Haeji Hong, whose misconduct is described as follows: 1) Terminating the services of the original appointed chapter 7 Trustee, Gregory A. Akers, and cancelling the first original 341 meeting of creditors that had been set for December 10, 2007, which Petitioner attended for examination; 2) The appointment of the disqualified and biased Trustee, Gerald Davis, (another defendant in case 07-90588) as successor chapter 7 Trustee for Mr. Akers, and setting a new 341 meeting of creditors for February 8, 2008; 3) The rejection of Gerald Davis appointment as chapter 7 Trustee for conflict of interest and cancellation of the Section 341 meeting of creditors; 4) The appointment of James Kennedy as successor Trustee and setting a new Section 341 meeting of creditors for February 11, 2008.

63. Had not been for the misconduct of Haeji Hong in trying to manipulate the appointment of the chapter 7 Trustee and the Section 341 meeting of creditors, Petitioner would have been examined by the original chapter 7 Trustee, Gregory Akers; the issue of the examination of Petitioner would never have arisen; and the meeting of creditors would have been

concluded a lot sooner, instead of April 7, 2008.

64. Petitioner's argument in his two notices of appearance to the Section 341 meeting of creditor related to the fact that there was an outstanding motion to void the 341 meeting of creditors in the grounds that they had been set outside the provisions of FRBP 2003, which states that the meeting of creditors shall not to be set more than 40 days after the order for relief, and related to the fact that there was an ongoing litigation, (adversary 07-90588) where one of claims for relief sought included the declaration that the U.S. Trustee's attorney, Haeji Hong, and Trustee Gerald Davis had utilized the 341 meeting of creditors for improper reasons including obtaining information from Debtor for use in a frivolous civil action with the intention of obtaining a profit from Debtor by fraudulent means.

65. On February 22, 2008, judge Meyers heard and ruled on the U.S. Trustee's motion to extend time to file a motion pursuant to 11 U.S.C. Section 707(b)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727. Judge Meyers set a deadline of May 9, 2008 for any interested party to file an objection to Debtor's discharge and to file a motion to determine the dischargeability of a debt.

66. In that hearing (February 22, 2008), the U.S. Trustee's attorney, David Ortiz, raised the issue of the February 11, 2008 Petitioner's notice of appearance to invalid section 341 meeting of creditors and the examination of Petitioner. The court replied that Mr. Ortiz would have to submit a request to the court to get another extension in the event Petitioner filed another notice for the hearing of March 10, 2008. Mr. Ortiz failed to file any other motion, objection or request to the court regarding the notices of Petitioner prior to the conclusion of the 341 meeting of creditors on April 7, 2008, thus terminating the dispute or controversy regarding the Section 341 meeting of creditors and waiving any right to oppose the discharge of Debtor, therefore,

judge Meyers did not have any dispute or controversy in front of him to revisit that issue again and the issues raised in the order to show cause had been rendered moot.

67. On March 27, 2008, judge Meyers heard the Petitioner's motion for reconsideration of the minute order granting the U.S. Trustee's motion to extend time to file a motion to object to discharge; the motion to void the 341 meeting of creditors and stay meeting of creditors proceedings; and the motion to set aside the October 30, 2007 amended minute order that denied the Debtor's motion for sanctions against Joseph Gaeta and denied the Debtor's motion for protective order.

68. In that hearing (March 27, 2008) the court denied all of Petitioner's motions including the motion to void the Section 341 meeting of creditors and stay the meeting of creditors proceedings, which had been Petitioner's reason for filing the notices of appearance to invalid 341 meeting of creditors and for not submitting to examination.

69. On April 7, 2008, eleven days after the ruling of the court on the motion to void the 341 meeting of creditors, Petitioner appeared at the 341 meeting of creditors and submitted to examination. The Chapter 7 Trustee, James Kennedy, concluded the meeting and filed his initial report with the court stating that the meeting of creditors had been held and that it had been concluded.

70. As the Petitioner's evidence and argument above shows, the first reason given by judge Meyers for issuing the order to show cause why the Petitioner's chapter 7 case should not be dismissed was false and incorrect.

71. And as the Petitioner's evidence and argument above also shows, the second reason given by judge Meyers in his memorandum decision for issuing the order to show cause whey the Petitioner's chapter 7 case should not be dismissed was false and incorrect, and had

nothing to do whatsoever with the conditions and requirement of judge Hargrove's order of October 30, 2007, since the dispute over the 341 meeting of creditors and examination of Petitioner had arisen from the misconduct of the U.S. Trustee's attorney, Haeji Hong.

72. It is an undisputed fact that Judge Meyers' ex parte contacts and close personal and/or professional relationship with defendants Louise Adler, Haeji Hong, and Gerald Davis has influenced his ability to render fair, unbiased, and impartial decisions in Petitioner's chapter 7 case and there is no way possible an outside observer can know how much information or contact or for how long judge Meyers has had with those defendants.

73. Judge Meyers' impartiality has been put into question by the fact that he issued a meritless and groundless order to show cause why the Petitioner's chapter 7 case should not be dismissed, and the only likely result for issuing that meritless order was to have the Petitioner's chapter 7 case dismissed to favor defendants Louise Adler, Haeji Hong, and Gerald Davis, among others.

74. And Judge Meyers' defense of his meritless order to show cause with different facts in both the order to show cause and in the memorandum decision and with the taking off the calendar the hearing on the motion to disqualify and to set aside the order to show cause without giving Petitioner the opportunity to be heard and present evidence, is an indication that he took offense with the filing of the motion to disqualify, which created the appearance of partiality and bias, and disqualifies him from presiding over Petitioner's chapter 7 case.

75. As the evidence and argument of Petitioner above shows, Judge Meyers has created an appearance of partiality and bias in the Petitioner's chapter 7 case, therefore, he is disqualified from presiding over the case.

## FIRST CLAIM FOR RELIEF
(Declaratory Relief: 28 U.S.C. 2201)

76. Petitioner incorporates by this reference each and every allegation contained in paragraphs 1 through 75 above, as though the same were fully set forth herein at this point.

77. Petitioner has established facts that demonstrate that the actions of Respondent Judge Meyers have created the appearance of partiality and bias, with the intention of favoring defendants Louise Adler, Haeji Hong, and Gerald Davis.

78. Petitioner seeks a declaration that the actions of Respondent James Meyers constitute a violation of the public confidence in the judicial process and of the Petitioner's Constitutional rights.

## SECOND CLAIM FOR RELIEF
(Writ of Mandamus to Compel Recusal: 28 U.S.C. 455)

79. Petitioner incorporates by this reference each and every allegation contained in paragraphs 1 through 78 above, as though the same were fully set forth herein at this point.

80. Petitioner has established facts that demonstrate that the actions of Respondent James Meyers rise to the level for mandating recusal.

81. Petitioner seeks a writ of mandamus compelling Respondent James Meyers to be recused from presiding over Petitioner's chapter 7 case.

## PRAYER TO THE COURT

WHEREFORE, Plaintiff prays for relief as follows:

1.0   For a Declaration that the actions of Respondent Honorable Judge Meyers create the appearance of partiality and bias in Petitioner's chapter 7 case;

2.0   For a writ of mandamus compelling Respondent Honorable James Meyers to recuse from presiding over Petitioner's chapter 7 case;

3.0   For such other and further relief as this court may deem just and proper.

Dated: 5/27/08

_____
Anibal Mesala Silva
P.O. Box 20732
El Cajon, CA 92021

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Anibal Mesala Silva

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anibal Silva, Petitioner Pro se.
P.O. Box 20732, El Cajon, CA 92021

## DEFENDANTS
James Meyers

08 MAY 27 PM 2:13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
United States Attorney
880 Front Street, Room 6293, San Diego, CA 92101

'08 CV 0932 H JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 2201 and 28 U.S.C. 455

Brief description of cause:
Declaratory Relief and Petition for Writ of Mandamus

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 0
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 5/27/08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____