**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL MESALA SILVA,<br><br>                Plaintiff,<br>vs.<br><br>JAMES MEYERS,<br><br>                Defendant. | CASE NO. 08-CV-0932 H (JMA)<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND DENYING AS MOOT PLAINTIFF'S PENDING MOTIONS** |

      On May 27, 2008, plaintiff Anibal Mesala Silva filed a complaint against defendant James Meyers, the bankruptcy judge presiding over Plaintiff's bankruptcy case, Case No. 07-03740. (Doc. No. 1.) Plaintiff's complaint seeks declaratory relief pursuant to 28 U.S.C. § 2201, namely, a declaration that the bankruptcy judge's actions created the appearance of partiality, as well as a writ of mandamus compelling that judge to recuse from Plaintiff's bankruptcy case. (Compl. ¶¶ 76-81.) Plaintiff did not prepay the required filing fee and instead requests leave to proceed in forma pauperis. (Doc. No. 2.) For the reasons discussed below, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. The Court denies as moot Plaintiff's pending motions.

///

///

**Discussion**

Pursuant to 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." However, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (provisions of section 1915(e)(2) are not limited to prisoners). Here, after carefully reviewing the complaint and all other filings by Plaintiff, the Court concludes that it appears from the face of Plaintiff's complaint that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); see also O'Loughlin v. Doe, 920 F.2d at 614, 617 (9th Cir. 1990) (in forma pauperis complaint is frivolous if it has no arguable basis in fact or law").

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003); see also Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) ("The extraordinary remedy of mandamus under 28 U.S.C. 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'") Here, the Court concludes that Plaintiff's complaint fails to state a cognizable claim for mandamus relief. The complaint asserts that the defendant judge made erroneous and/or "false and incorrect" findings of fact in memorandum decisions, and alleges (without supporting facts) bias by the defendant judge against Plaintiff, but fails to allege any official duty that is "nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt" as to fall within this Court's mandamus

jurisdiction. Kildare v. Saenz, 325 F.3d at 1084.

Additionally, the Court concludes that Plaintiff's complaint is barred by the doctrine of judicial immunity. It is well settled that a judge acting in his or her official capacity is entitled to complete judicial immunity from civil suit. See Mireles v. Waco, 502 U.S. 9, 11 (1991). "[J]udicial immunity is not overcome by allegations of bad faith or malice," id. at 11, and "applies even when the judge is accused of acting maliciously and corruptly." Pierson v. Ray, 386 U.S. 547, 554 (1967). The Supreme Court has made clear that absolute judicial immunity "is overcome in only two sets of circumstances" – (1) "actions not taken in the judge's judicial capacity," and (2) actions "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. at 11-12; see Stump v. Sparkman, 435 U.S. 349, 356-57, 360 (1978).

Here, Plaintiff asserts claims against the bankruptcy judge presiding over his bankruptcy case, and it is clear from the face of Plaintiff's complaint that the claims arise entirely out of the judge's alleged actions in his judicial capacity.[1] (E.g., Compl. ¶¶ 55-59 (alleging "false and incorrect" findings of fact in memorandum decision).) Additionally, the Court concludes that Plaintiff's complaint does not allege actions by the defendant judge "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. at 13 (actions taken regarding a matter before the judge "cannot be said to have been taken in the absence of jurisdiction"). Taking as true all allegations of Plaintiff's complaint, the Court concludes that Plaintiff's claims are barred by judicial immunity. Accordingly, the Court dismisses Plaintiff's complaint for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

Finally, even accepting as true the allegations of Plaintiff's complaint, the Court notes that it finds no basis to conclude that the defendant judge's actions created the appearance of partiality. In order to state a claim on which relief can be granted, a complaint must contain factual allegations sufficient "to raise a right to relief above the

---

[1] With the exception of Plaintiff's claim for a writ of mandamus, which the Court concludes it is without power to grant, Plaintiff does not seek injunctive relief.

1   speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007).  Here, the Court concludes that the conclusory and unsupported allegations of Plaintiff's complaint, asserting error and/or bias by the judge assigned to Plaintiff's bankruptcy case, fail to raise more than a "speculative" right to relief.  <u>Id.</u>

Since the Court has dismissed Plaintiff's complaint, the Court denies as moot Plaintiff's request to proceed in forma pauperis, Plaintiff's motion to withdraw the automatic reference to the bankruptcy court and to enter an order of discharge, and Plaintiff's motion for a stay.  (Doc. Nos. 2, 4, 6.)

### **Conclusion**

For the reasons stated above, the Court dismisses Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Since the Court has concluded that Plaintiff's claims are barred by the doctrine of complete judicial immunity, the Court concludes that Plaintiff's deficient pleading "could not possibly be cured by the allegation of other facts." <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995).  Therefore, the Court denies leave to amend the complaint.

The Court denies as moot Plaintiff's request to proceed in forma pauperis, Plaintiff's motion to withdraw the automatic reference to the bankruptcy court and to enter an order of discharge, and Plaintiff's motion for a stay.  (Doc. Nos. 2, 4, 6.)

IT IS SO ORDERED.

DATED:  August 11, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.